499 A.2d 369

**Mary Lou LAZOR and Joseph E. Lazor, Her Husband, Appellants,**

**v.**

**George MILNE, Kenneth F. Andrew, James Earl France, Dean H. Bier, Charles Morgan, Joseph F. Mashione, Thomas J. Palamone, Eugene C. Pupilli, John Mozina, and Robert L. Walters.**

Superior Court of Pennsylvania.

Argued June 19, 1985.

Filed Oct. 4, 1985.

178

Daniel M. Berger, Pittsburgh, for appellants.

Bernard W. O'Keefe, Pittsburgh, for appellees.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

DEL SOLE, Judge:

The issue raised in this appeal is whether the trial court erred in sustaining Appellee's preliminary objections. The trial court concluded that Appellant's complaint failed to state a cause of action for intentional or negligent infliction

of emotional distress. We affirm the order of the trial court and conclude that the preliminary objections were properly sustained.

■ When considering preliminary objections in nature of a demurrer, we must accept as true all well-pleaded material facts set forth in the complaint as well as all inferences reasonably deducible therefrom. *Donnelly v. DeBourke,* 421 A.2d 826, 280 Pa.Super. 486 (1980). Viewed in light of the above standard, the facts alleged in Appellants' complaint indicate the following: Appellants, Joseph and Mary Lou Lazor, officers and members of the Board of Directors of the Club, sent Mary Lou Lazor a letter which stated:

It has been brought to the attention of the Board that you have been harassing employees, bringing your own food in the Club, and conducting yourself in the presence of new members in a manner prejudicial to the Club's welfare. This is to advise you that unless this sort of conduct, which the Board considers to be injurious to the good order, welfare and character of the Club ceases, the Board will find it necessary to take disciplinary action.

The complaint avers that the allegations contained in this letter were false, and Appellees, who knew or should have known that the charges were false, refused to withdraw them or answer Appellant's questions concerning these claims. Because of Appellees' conduct Appellants have suffered, and may continue to suffer, severe emotional distress.

■ The tort of intentional infliction of emotional distress is an actionable wrong for conduct which can be characterized as extremely outrageous. *Jones v. Nissenbaum, Rudolph & Seidner,* 244 Pa.Super. 377, 368 A.2d 770 (1976). It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous so as to permit recovery. Restatement (Second) of Torts § 46, comment i. (1965).

Comment (d) of the Restatement (Second) of Torts § 46 describes the type of conduct which meets the requisites for liability:

It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

The conduct which is the basis for Appellant's complaint consists of a letter. This letter was sent by the officers of a private club, while acting within their official capacity. It is clear from the contents of the letter that Appellees actions were in no way beyond the bounds of decency. Mrs. Lazor was merely informed, by means of a private letter, that certain general allegations had been made against her. The Board members advised Mrs. Lazor that it considered conduct such as "harassing employees" and "bringing your own food into the club" to be injurious to the Club's welfare, and that disciplinary action would be taken if Mrs. Lazor conducted herself in such a manner in the future.

Even accepting as true Appellant's allegations that the charges set forth in the letter were false, Appellants have failed to state a cause of action for intentional infliction of emotional distress. Major outrage is essential to the tort; and the mere fact that the actor knows that the other will regard the conduct as insulting or will have his feelings hurt is not enough. Restatement (Second) of Torts, *supra,* comment f. This case is not one where Appellants allege a planned program of harassment or threats. Nor, is this a case where the Appellees' reprimand was so demeaning, or their conduct so threatening as to amount to extreme outrage.

The Restatement (Second) of Torts sets forth an example of such conduct.

A, the president of an association of rubbish collectors, summons B to a meeting of the association, and in the presence of an intimidating group of associates tells B that B has been collecting rubbish in territory which the association regards as exclusively allocated to one of its members. A demands that B pay over the proceeds of his rubbish collection, and tells B that if he does not do so the association will beat him up, destroy his truck, and put him out of business. A is subject to liability to B for his emotional distress and if it results in illness. A is subject to liability to B for his illness.

Restatement (Second) of Torts, *supra*, § 46, comment d, illustration 2.

The conduct complained of in the instant case differs greatly from that described in the above illustration. Here, Mrs. Lazor was reprimanded by means of a private letter, and not in the presence of a group of her peers. Further, the language used amounted to no more than a slight insult or indignity which must be tolerated. The only threat made by the Board was to take disciplinary action in the future if Mrs. Lazor committed the acts described by the Board as offensive. The Complaint does not allege that the Board is without the authority to take such action. We can only assume that the Board was acting in a permissible fashion and thereby, enabling a member to adjust her behavior so as to avoid the distress of a formal disciplinary proceeding. An actor is never liable where he has done no more than to insist upon his legal rights in a permissible way, even if he is aware that such insistence may cause emotional distress. Restatement (Second) of Torts, *supra*, § 46, comment g. *See also: Thompson v. Sikov*, 340 Pa.Super. 382, 490 A.2d 472 (1985).

We conclude that Appellant's claim is not cognizable since the facts alleged clearly demonstrate that Appellees' conduct fell far short of being so outrageous in character and

so extreme in degree as to go beyond all possible bounds of decency.

Appellants further assert that their complaint states a claim for negligent infliction of emotional distress. We disagree. Appellants' complaint fails to aver that there have been physical manifestations of the emotional distress that they have allegedly suffered. In *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 437 A.2d 1236 (1981) this Court affirmed that part of a trial court order sustaining preliminary objections in the nature of a demurrer, and dismissing the complaint on a count alleging negligent infliction of emotional distress. The *Banyas* court held that there could be no cause of action for this tort because the plaintiff in his complaint sought recovery for severe mental anguish and emotional stress, but did not aver any physical harm. The Restatement (Second) of Torts § 436A was cited in *Banyas* as follows:

§ 436A. **Negligence Resulting in Emotional Disturbance Alone**

If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

Comment A to the Section explains that "Under the rule stated in this Section, the negligent actor is not liable when his conduct results in the emotional disturbance alone, without the bodily harm or other compensable damage."

*Banyas v. Lower Bucks Hospital, supra*, 293 Pa.Super. at 128, 129, 437 A.2d at 1239. *See also: Nye v. Com., Dept. of Transp.*, 331 Pa.Super. 209, 480 A.2d 318 (1984).

Finding no allegations of bodily harm in Appellants' complaint, we conclude that Appellants' failed to state a cause of action for negligent infliction of emotional distress.

Order affirmed.