509 A.2d 1310

**Marie TACKETT, Appellant,**

v.

**Ted K. ENCKE, Richard F. Collins, Jr., Donald F. O'Malley, Steel Valley Orthopedic Association, Jefferson Center Hospital, and Jefferson Health Services, also known as South Hills Health System.**

Superior Court of Pennsylvania.

Argued March 18, 1986.

Filed June 3, 1986.

Michael I. Markowitz, Pittsburgh, for appellant.

James A. Wood, Pittsburgh, for Encke, appellees.

George M. Weis, Pittsburgh, for Jefferson, appellees.

Before BROSKY, ROWLEY and HESTER, JJ.

BROSKY, Judge:

This appeal is from an order dismissing appellant's complaint for negligent infliction of emotional distress. Appellant argues that the trial court erred in sustaining preliminary objections in the nature of a demurrer and dismissing the complaint for failure to state a cause of action. We find no merit to this contention and, accordingly, affirm.

## Facts

Appellant's son was injured in a motorcycle accident on November 30, 1982. He was admitted to and given treatment at Jefferson Center Hospital. Appellant visited him on a daily basis. Due to an alleged failure of the appellees to diagnose a pulmonary fat embolism, appellant's son exhibited an elevation in temperature, increased pulse rate, shortness of breath, cyanosis and lethargy. Upon discovery of these symptoms, appellant's son was transferred to the intensive care unit and was placed on an artificial breathing machine. He remained in intensive care until December 9, 1982, during which period he suffered a comatose episode and hemoptysis requiring a bronchoscopy. He was discharged from the hospital on December 29, 1982.

On December 12, 1984, the instant complaint was filed. In that complaint appellant alleged that, due to the negligence and recklessness of appellees in failing to diagnose and treat her son, she suffered severe mental anguish and emotional distress. On January 23 and 24, 1985, preliminary objections were filed by appellees, to which appellant filed her answer on February 5, 1985. On February 12, 1985, a hearing was held and the trial court entered an order dismissing appellant's complaint. On March 4, 1985, appellant filed notice of appeal questioning the dismissal of her complaint.

## Analysis

■ In 1979, our Commonwealth's Supreme Court outlined factors necessary for a bystander who was not within the zone of danger to sustain a cause of action for negligent infliction of emotional distress. Citing a leading California case, the Court said:

> In the seminal *Dillon* case, the California Supreme Court identified three factors determinative of whether the injury to the Plaintiff was reasonably foreseeable:
>
> (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Dillon v. Legg* [68 Cal.2d 728], 69 Cal.Rptr. [72] at 80, 441 P.2d [912] at 920 [1968].

*Sinn v. Burd*, 486 Pa. 146, 170, 404 A.2d 672, 685 (1979).[1] We find that appellant's complaint for negligent infliction of

---

1. In contrast to the tort of intentional infliction of emotional harm, bodily harm to the plaintiff is also necessary to establish the tort of negligent infliction of emotional harm. *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493, 507 (1984). That element of the tort is, however, not at issue in this appeal.

emotional distress does not meet the second requirement of *Sinn v. Burd.*

The essence of appellant's case is that she was injured emotionally as a result of witnessing, over time, her son's reaction to a negligently undetected pulmonary fat embolism.

In a similar case, a wife sued asbestos suppliers for emotional distress brought on by witnessing her husband being progressively overcome by asbestosis. This Court said:

> The developing case law clearly indicates that a cause of action will not lie for emotional distress negligently caused to a bystander, unless the bystander personally observes an identifiable traumatic incident. The lower court's dismissal of Thelma Cathcart's claim for negligently-caused emotional distress sustained at witnessing her husband's developing disease is affirmed.

*Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 150, 471 A.2d 493, 507 (1984).

In another case, this Court quoted with approval a Federal District Court case and its dismissal of an action for emotional distress arising out of similar circumstances. "Clearly the Supreme Court of Pennsylvania contemplated a discrete and identifiable traumatic event to trigger recovery." *Berardi v. Johns-Manville Corp.,* 334 Pa.Super. 36, 44, 482 A.2d 1067, 1071 (1984) citing *Amader v. Johns-Manville Corp.,* 514 F.Supp. 1031 (E.D.Pa.1981).

Instantly, since appellant has not alleged that she witnessed a "discrete and identifiable traumatic event," we must affirm the order of the trial court.[2]

Order affirmed.

ROWLEY, J., concurs in the result.

2. We note further that a negligent act which is not witnessed by the plaintiff does not give rise to recovery under a cause for negligent infliction of emotional distress. *Cathcart,* supra. In the instant case there was a perforce non-witnessed negligent *omission* to act. It would be anomalous to deny recovery in the first situation and allow

recovery in the second, instant, situation. While we might view with favor a rule which looked to the necessity of the plaintiff witnessing the *results* of the negligent act or omission, that option is not before us in light of prior case law.