606 A.2d 1175

Robin Fern LOVE, Administratrix of the Estate of Marlene Love, Deceased, and Robin Fern Love in her Own Right; and Leon Love, Appellants,

v.

Bernard CRAMER, M.D., Arnold Cramer, M.D., Bernard Cramer, M.D., Associates, P.C., Jerry H. Herman, M.D., Nathan Schnall, M.D., S–H–S–K–G Professional Association.

Superior Court of Pennsylvania.

Argued Dec. 10, 1991.

Filed March 10, 1992.

Reargument Denied May 20, 1992.

Robin T. Locke, Philadelphia, for appellants.

J. Michael Boyle, Philadelphia, for Bernard & Arnold Cramer, appellees.

Before CIRILLO, DEL SOLE and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order granting appellees' Preliminary Objections to appellant's complaint. The sole issue on appeal is whether the trial court erred in dismissing appellant's cause of action for negligent infliction of emotional distress on Preliminary Objections. For the reasons set forth below, we reverse.

During the summer of 1988, appellant's mother, Marlene Love, began experiencing problems with her health, among them retention of abnormal body fluid, causing her ankles and abdomen to swell, and difficulty in breathing. Appellant researched her mother's medical problems and became concerned that the symptoms might be related to a coronary condition, i.e., congestive heart failure. Consequently, appellant took her mother to see appellee, Dr. Bernard Cramer, who had treated Marlene for many years, and, therefore, was aware that she had a history of high blood pressure, angina and diabetes. During the office visit, appellant related to Dr. Cramer her concerns that her

mother was having heart problems, and asked whether testing or hospitalization were appropriate. Dr. Cramer advised appellant and her mother that further tests and treatment were not necessary.

For the next six weeks appellant and her mother sought alternative explanations for Marlene's medical problems, consulting a gynecologist about the fluid build up, and seeing Dr. Cramer on several occasions. At no time, however, did Dr. Cramer investigate further the possibility of a heart condition.

On October 9, 1988, Marlene Love died of heart failure. At that time, appellant had been resting by her mother's side, and was forced to witness her mother's death. As a result, appellant became severely depressed, suffered nightmares, stress and intense anxiety, and was forced to undergo prolonged psychological treatment.

As administratrix of her mother's estate, appellant filed a wrongful death and survival action. In the complaint, appellant asserted a claim for damages on her own behalf against Dr. Cramer for the emotional harm she claims to have suffered as a result of witnessing appellee's alleged negligence, and her mother's resulting death. Appellee filed preliminary objections to the complaint, and on December 30, 1990, the trial court granted the motion seeking to dismiss appellant's claim for negligent infliction of emotional distress. This appeal followed.

Initially, we note that our scope of review in an appeal from an order granting preliminary objections in the nature of a demurrer is plenary. *Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985). Any doubt as to whether a demurrer should be sustained is to be resolved against the moving party. *Baker v. Magnetic Analysis Corp.,* 347 Pa.Super. 188, 500 A.2d 470 (1985). Furthermore, "we accept as true all well-pleaded material facts in the complaint, as well as all inferences reasonably deducible therefrom." *Id.,* 347 Pa.Superior Ct. at 192, 500 A.2d at 472. Preliminary objections should be sustained only when it

appears with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff.

In Pennsylvania, a cause of action for negligent infliction of emotional distress depends upon three factors:

(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it;

(2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and

(3) Whether plaintiff and the victim were closely related as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Sinn v. Burd*, 486 Pa. 146, 171, 404 A.2d 672, 685 (1979). Recovery is further limited by the requirement that the person seeking the damages must suffer physical injury as a result of actually witnessing the harm to the close relative. *Mazzagatti v. Everingham by Everingham*, 512 Pa. 266, 516 A.2d 672 (1986). In the instant case, the trial court concluded that appellant's claim was not within the parameters set forth above, and accordingly dismissed the cause of action. We disagree.

The basis of recovery for a claim of negligent infliction of emotional distress is the traumatic impact of viewing the negligent injury of a close relative. *Hoffner v. Hodge*, 47 Pa.Comm. 277, 407 A.2d 940 (1979). A person who does not experience a sensory and contemporaneous observance of the injury does not state a cause of action for negligent infliction of emotional distress. *Mazzagatti, supra*. In formulating the rule, the Supreme Court "contemplated a discrete and identifiable traumatic event to trigger recovery." *Beradi v. Johns–Manville Corp.*, 334 Pa.Super. 36, 44, 482 A.2d 1067, 1071 (1984). In the absence of such an event, no recovery is permitted.

In the instant case it is apparent that appellant witnessed a discrete and identifiable traumatic event. Unlike the *Mazzagatti* situation [1], appellant did not arrive on the scene after her mother was injured, but rather experienced a sensory and contemporaneous observance of her mother's fatal heart attack. The fact that the negligence of Dr. Cramer did not take place at the time of the actual injury should not prevent appellant from attempting to prove her claim. It is enough if the negligence constituted the proximate cause of the injury, and of the resulting emotional trauma.[2]

Recently in *Bloom v. Dubois Regional Medical Center*, 409 Pa.Super. 83, 597 A.2d 671 (1991), we were confronted with a similar situation wherein a physician was sued for negligent infliction of emotional distress for allegedly failing to treat his patient.[3] In that case we denied recovery, holding that the plaintiff husband did not observe any

1. In *Mazzagatti, supra,* a parent who did not actually witness the car accident which injured her child, but arrived at the scene a few minutes later, was denied recovery for negligent infliction of emotional distress. The Supreme Court held that recovery would only be allowed in cases where the plaintiff alleges injury as a result of *actually witnessing* the injury to the loved one.

2. *See e.g., Kearney v. Philips Industries, Inc.,* 708 F.Supp. 479 (DC Conn.1987), where in a products liability action involving an exploding propane tank, plaintiff was entitled to recover for emotional distress brought on by the observance of the death of his children, despite defendant's contention that the negligent acts did not take place at the time of the accident, since it was sufficient if the negligence constituted the proximate cause of the accident and of the resulting injuries and deaths. *See also, Pearsall v. Emhart,* 599 F.Supp. 207 (E.D.Pa.1984) wherein the court ruled that a mother could recover damages against the manufacturer of defective alarm systems for the emotional distress she suffered upon arriving home and seeing her house on fire and seeing the smoldering bodies of her husband and daughter. Again although the negligence did not take place at the time of the injury, since it was the proximate cause of the injury, recovery was allowed.

3. In *Bloom,* Mr. Bloom found his wife hanging by the neck from shoestrings behind a door adjacent to her hospital room one day after her voluntary admission to the psychiatric unit of the hospital. Mr. Bloom sued his wife's doctor and the hospital for negligent infliction of emotional distress on the basis that the doctor and the hospital failed to adequately test, diagnose and supervise his wife.

traumatic infliction of injury by the defendants, as he observed his wife after her own suicide attempt.

> He did not, however, observe any traumatic infliction of injury on his wife at the hands of the defendants because none occurred. The alleged negligence of the defendants here is an omission and involved no direct and traumatic infliction of injury on Mrs. Bloom by defendants.

*Bloom*, 409 Pa.Superior Ct. at 105, 597 A.2d at 683. Although we denied recovery in that case because the plaintiff failed to observe the alleged negligent omission of the defendant, we stated that

> We hasten to add, however, that we do not intend to fashion a rule that excludes recovery to all plaintiffs who allege negligent infliction based on their observance of a negligent omission by defendants. There are certainly circumstances where an omission might be construed as a traumatic infliction of injury on the plaintiff's relative and, if the plaintiff observed that occurrence, recovery could be had. Take, for example, the situation where a husband plaintiff seeks to admit his wife to an emergency room for medical care. Because of inaction by the emergency room personnel, the wife is left to languish in the outer office and expires there. Husband has viewed the entire event. The omission by the emergency room personnel in this scenario might create a sufficiently traumatic situation to be the basis for recovery for negligent infliction.

*Bloom*, 409 Pa.Superior Ct. at 106, 597 A.2d at 683.

The instant case is much like the emergency room scenario described above. Although the negligence and the injury are not as closely related in time in this case, the situation is similar because of the observance of the negligent failure to treat a loved one. Here appellant took her mother to appellee because of her concerns regarding her mother's health, and was actually present when appellee failed to

perform specific heart related tests on her mother.[4] She witnessed the negligent medical care and her mother's subsequent death. It is possible that appellant will be able to prove that Dr. Cramer was negligent, and that his negligence was the proximate cause of her mother's death. Appellant's observance of the lack of medical care, along with her observance of her mother's heart attack is enough to sustain her claim for negligent infliction of emotional stress. Although appellant may be unable to ultimately prove a causal connection between her injuries and the doctor's alleged negligence, she should at least be given the opportunity to do so. This is not the simple situation wherein the plaintiff did not observe the traumatic event, but nevertheless sought to recover for emotional distress. Rather appellant witnessed the traumatic event, and the earlier negligence of the doctor. Her recovery, if proven, would be based upon the fact that her emotional injury was due to her first hand observation of her mother's heart attack, an event caused by Dr. Cramer's negligence, which she had also witnessed. As such, it cannot be said with certainty that appellant will be unable to recover under the law. She should be given the opportunity to prove that Dr. Cramer was negligent, and that his negligence was a proximate cause of her emotional distress. Therefore, the preliminary objection should not have been granted.

Appellee also asserts that appellants claim is barred because she does not allege sufficient physical harm to sustain an action for negligent infliction of emotional distress. The rule regarding negligent infliction of emotional distress is set forth in Section 436A of the Restatement (second) of Torts.

If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compen-

4. Although it seems odd that the plaintiff must actually witness the negligent act itself and not just the resulting traumatic injury to the loved one, the law as it now stands dictates such a requirement.

sable damage, the actor is not liable for such emotional disturbance.

Comment to this section explains:

Under the rule stated in this section, the negligent actor is not liable when his conduct results in the emotional disturbance alone, without the bodily harm or other compensable damage.

A review of Pennsylvania case law also makes plain that a plaintiff must allege physical harm to sustain an action for negligent infliction of emotional distress. *See Sinn v. Burd, supra, Banyas v. Lower Bucks Hospital,* 293 Pa.Super. 122, 437 A.2d 1236 (1981), and *Houston v. Texaco, Inc.,* 371 Pa.Super. 399, 538 A.2d 502 (1988). The amount of harm that must be alleged, however, is not as clear. In her complaint, paragraph 50, appellant alleged the following:

50. Plaintiff Robin Fern Love's witnessing of the defendants' negligence and the events leading to the death of the decedent, Marlene Love, including being grabbed by the decedent Marlene Love in the throes of death has caused plaintiff Robin Fern Love extreme mental and emotional anguish and distress, causing plaintiff Robin Fern Love symptoms of severe depression, nightmares, stress and anxiety, requiring psychological treatment, and continues to cause her ongoing mental, physical and emotional harm.

Unlike the cases where we have found the pleadings to be insufficient to sustain a claim for emotional distress [5], appellant in the instant case has alleged physical manifestations of emotional suffering, i.e. depression, nightmares, stress, and anxiety. Furthermore, appellant has alleged that her injuries were of a continuing nature and have required her

5. *See Abadie v. Riddle Memorial Hospital,* 404 Pa.Super. 8, 589 A.2d 1143 (1991) (where appellant only averred emotional and psychological damage, with no averments of physical harm, the trial court was correct in sustaining appellee's demurrer), *Lazor v. Milne,* 346 Pa.Super. 177, 499 A.2d 369 (1985) (where there were no allegations of physical harm, the complaint was properly dismissed), and *Banyas v. Lower Bucks Hospital,* 293 Pa.Super. 122, 437 A.2d 1236 (1981) (appellant's complaint averred no physical harm and therefore did not state an action for negligent infliction of emotional distress).

to obtain psychological treatment. Accordingly, we find that the alleged injuries are of a greater magnitude than the "transitory, nonrecurring physical phenomena" contemplated by the Restatement (Second) of Torts § 436A, and, therefore, sufficient to sustain a cause of action for negligent infliction of emotional distress.

Order reversed.

Case remanded.

Jurisdiction relinquished.

DEL SOLE, J. files a concurring statement.

CIRILLO, J. files a dissenting opinion.

DEL SOLE, Judge, concurring:

I concur in the decision set forth in the Opinion by my distinguished colleague, Judge Frank J. Montemuro, Jr.

I would not limit potential recovery to only those cases where the party has witnessed the alleged negligent act as set forth in my Concurring & Dissenting Opinion in *Bloom v. Dubois Regional Medical Center, supra.*

CIRILLO, Judge, dissenting:

I respectfully dissent. It is my opinion that the trial court properly dismissed the appellants' claim for negligent infliction of emotional distress and to do otherwise would be in direct opposition with the law of this Commonwealth.

In her complaint appellant Robin Love ("Love") alleges that she accompanied her mother ("decedent") to her appointment with appellee Dr. Cramer on August 23, 1988 and that she was present when Dr. Cramer advised decedent that further tests and hospitalization were unnecessary. Love also alleges that she was present with her mother when she died one and one-half months later. Love's claim for negligent infliction of emotional distress stems from her presence at a discussion between Dr. Cramer and decedent and her presence at decedent's death.

Love's claim for negligent infliction of emotional distress is without merit as it does not fall within the parameters established by the precedent of this Commonwealth. In *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979), the supreme court addressed the issue of when a claimant should be permitted to recover damages for negligently caused mental distress. In this seminal case the supreme court adopted a three factor test to determine whether the injury to the plaintiff was reasonably foreseeable:

(1) Whether the plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it;

(2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and

(3) Whether plaintiff and the victim were closely related as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Sinn v. Burd*, 486 Pa. 146, 171, 404 A.2d 672, 685 (1979).

The *Sinn* court held that the plaintiff/father, who was not located at the scene of his child's accident and whose emotional distress was not a result of contemporaneous observance of the accident, could not recover for negligent infliction of emotional distress.

In *Mazzagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986), the court was once again faced with a case where a parent did not witness the accident itself, but arrived shortly afterwards and, subsequently, sought damages under the theory of negligent infliction of emotional distress. In *Mazzagatti*, after reviewing the foreseeability test enacted in *Sinn*, the supreme court stated that it had confined its holding "solely to those cases in which plaintiff alleges psychic injury as a result of *actually witnessing* the defendant's negligent act." *Id.*, 512 Pa. at 276, 516 A.2d at 677, *quoting Sinn*, 486 Pa. at 166–167 n. 15, 404 A.2d at 683 n. 15 (emphasis added).

This court has addressed the elements which a plaintiff must demonstrate in order to substantiate a claim for negligent infliction of emotional distress. We have also confirmed that in order to successfully allege a claim for emotional distress a plaintiff must witness the accident in issue. *See Halliday v. Beltz*, 356 Pa.Super. 375, 514 A.2d 906 (1986) (decedent's husband and daughter who brought medical malpractice claim alleging negligent infliction of emotional distress did not meet the personal observation requirements of *Sinn* where they never actually viewed any surgery, though they were present in the hospital while procedures were performed). *See also Tackett v. Encke*, 353 Pa.Super. 349, 509 A.2d 1310 (1986) (mother who claimed that she was injured emotionally as a result of witnessing, over time, her son's reaction to a negligently undetected pulmonary fat embolism did not witness the negligent treatment, and thus, mother could not recover for negligent infliction of emotional distress.)

Appellants' claim is evidently defective in that it does not meet the requirements of the foreseeability test. Love can reasonably allege that she suffered emotional distress as the result of observing her mother's death, but these events occurred approximately seven weeks *after* the alleged negligence of Dr. Cramer. Thus, Love's alleged emotional distress is not the result of the "sensory and contemporaneous observance of the accident [incident]." Therefore, without fulfilling the requisite test, appellants fall short of stating a claim for which relief may be granted.