**Moczydloski v. First Hospital Corp.**

*James F. Mundy,* for plaintiff.

*Richard G. Fine,* for defendants.

MUSTO, *J.,* March 5, 1993—This matter is before this court by virtue of the preliminary objections filed on behalf of First Hospital Corporation, First Hospital of Wyoming Valley and Leonard Majaikas. Briefs have been filed by counsel and this matter is now ready for disposition.

This case arises from the death of Bernard Moczydloski while an in-patient at the First Hospital of Wyoming Valley. The First Hospital of Wyoming Valley is a psychiatric facility to which the plaintiff's decedent had been admitted following a suicide attempt. He also had a history of depression. After some 21 days in the hospital, Mr. Moczydloski took his own life on December 28, 1990. Plaintiff's complaint has alleged professional negligence on behalf of the hospital and its doctors in failing to properly diagnose and treat Mr. Moczydloski's illness. There is also a claim by his widow for negligent infliction of emotional distress as a result of her frequent and continuous observation of her husband and also her participation in therapy sessions.

The defendants' preliminary objections allege immunity under the Mental Health Procedures Act, 50 P.S. §7114. Defendants further object to Count IX of plaintiff's complaint, alleging that it fails to state a cause of action for negligent infliction of emotional distress.

## Immunity Issue

Immunity from suit is an affirmative defense which must be pleaded in new matter, not in preliminary objections. See Pa.R.C.P. 1030. However, where the defense is raised by preliminary objections, and this procedure is not objected to, the question of immunity from suit may be decided. *Freach v. Commonwealth,* 471 Pa. 558, 565 n.6, 370 A.2d 1163, 1166 n.6 (1977). Plaintiff

has not objected to defendants' preliminary objection raising this issue, so we shall address it on its merits.

Section 7114 of the Mental Health Procedures Act provides as follows: (a) In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under the act, or that a person be discharged, or placed under partial hospitalization, out-patient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences.

Clearly, immunity is given under the statute in the absence of willful misconduct or gross negligence. We must, therefore, examine plaintiff's complaint to see if it does adequately plead gross negligence.

The Pennsylvania Superior Court has provided some guidance in *Bloom v. DuBois Regional Medical Center,* 409 Pa. Super. 83, 597 A.2d 671 (1991). The court noted that gross negligence is "a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference. The behavior of the defendant must be flagrant, grossly deviating from the ordinary standard of care." *Id.* at 99, 597 A.2d at 679.

In *Bloom,* the court held that plaintiff's complaint was sufficient to give rise to a finding of gross negligence where the plaintiffs have pled that the defendants held themselves out as competent to provide psychiatric treatment, failed to diagnose the plaintiff and properly treat her and take adequate precautions to protect the plaintiff from herself. Mrs. Bloom had unsuccessfully attempted suicide shortly after her admission to a psychiatric facility.

We have carefully examined plaintiff's complaint. It carefully chronicles Mr. Moczydloski's admission to the hospital, several incidents evidencing his continuing preoccupation with suicide, and the details of the hours shortly before he was discovered and pronounced dead.

Plaintiff's complaint more than adequately pleads sufficient facts to withstand defendants' preliminary objections. The determination of whether an act or failure to act constitutes negligence, of any degree, in view of all of the evidence, has always been particularly committed to determination by a jury. *Colloi v. Philadelphia Electric Co.,* 332 Pa. Super. 284, 481 A.2d 616 (1984). It is an issue that may be removed from consideration from a jury and decided as a matter of law only where the case is entirely free from doubt and there is no possibility that a reasonable jury could find negligence. *Id.* In this case, as in *Bloom,* the plaintiff should not be foreclosed from moving past the pleading stage of this case. Defendants' preliminary objection on the basis of the Mental Health Procedures Act is denied and dismissed.

## Negligent Infliction of Emotional Distress

Defendants second objection deals with Count IX which alleges that the plaintiff-widow suffered emotional distress as a result of participating in her husband's therapy sessions and observing his continued deterioration over his hospitalization as a result of the negligence of the defendants.

The tort of negligent infliction of emotional distress requires that: (1) the plaintiff be located near the scene of the incident; (2) there be a shock resulting from a direct emotional impact on the plaintiff as a result of the observation of the accident, as opposed to hearing of the accident from third persons; and (3) there be a relationship between the plaintiff and the victim. *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979).

Obviously, the victim and the plaintiff were husband and wife, thereby satisfying the necessity for a relationship. The other two requirements were discussed at great length in *Bloom, supra.*

In *Bloom,* the husband was the one who found his wife after her attempted suicide. As previously stated, the wife had been admitted the day before to the defendant psychiatric institution. The court, in *Bloom,* held that there was not a cause of action for negligent emotional distress as he had failed to observe the alleged negligent omission of the defendant.

However, the court noted that it did not intend to fashion a rule that excludes recovery to all plaintiffs who allege negligent infliction based on their observation of a negligent omission by defendants. There are certainly circumstances where an omission might be construed as a traumatic infliction of injury on the plaintiff's relative and, if the plaintiff observed that occurrence, recovery could be had. The court noted a situation where a spouse would observe the failure of emergency room personnel to attend to his or her loved one and, as a result, an injury would occur. See *Bloom* at 106, 597 A.2d at 683.

Plaintiff has alleged, in this case, that she participated in therapy sessions with her husband and his physician. Further, she watched his continual deterioration in the 21 days of his hospitalization prior to his death.

We believe that this is a case that may have been contemplated by the Superior Court in *Bloom.* See also, *Love v. Cramer,* 414 Pa. Super. 231, 606 A.2d 1175 (1992).

It cannot be said with certainty that the plaintiff will be able to ultimately recover on this issue. However, she should be given the opportunity to prove that there was negligence and that negligence was a proximate cause of her emotional distress. Defendants' preliminary objections as to Count IX of plaintiff's complaint will be denied.

Accordingly, and based on the foregoing, we issue the following

## ORDER

It is hereby ordered and decreed as follows:

(1) The preliminary objections of the First Hospital Corporation, First Hospital of Wyoming Valley and Leonard Majaikas, M.D., in the nature of a demurrer to Counts I through IX on the basis of immunity under the Mental Health Procedures Act, are hereby denied and dismissed;

(2) Defendants' preliminary objections in the nature of a demurrer to Count IX, negligent infliction of emotional distress, are hereby denied and dismissed.

(3) Defendant is directed to file an answer to plaintiff's complaint within 25 days of the date of this order.