Andrew E. PLAISTED and Stephanie L. Plaisted, individually and as administrators of the estate of Andrew D. Plaisted, Plaintiffs,

v.

GEISINGER MEDICAL CENTER and Geisinger Clinic, Defendants.

No. 4:CV–01–1074.

United States District Court, M.D. Pennsylvania.

Oct. 15, 2002.

Charles P. Hehmeyer, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA, for plaintiffs.

Edward J. Zych, Geisinger System Services, Dept. of Legal Services, 30–21 Litigation Counsel, Danville, PA, Allan H. Starr, Anna Marie Bryan, White and Williams, LLP, Philadelphia, PA, for defendants.

## ORDER (# 2)

McCLURE, District Judge.

### BACKGROUND:

Plaintiffs Andrew E. Plaisted and Stephanie L. Plaisted, individually and as administrators of the estate of their son, Andrew D. Plaisted (Drew), commenced this medical malpractice action against defendants Geisinger Medical Center and Geisinger Clinic (collectively, defendants or Geisinger). We have diversity jurisdiction. *See* 28 U.S.C. § 1332.

Plaintiffs allege that agents of defendants failed, *inter alia*, to monitor properly and correct Drew's serum sodium levels on December 25, 2000 and December 26, 2000, while he was admitted to the Geisinger pediatric intensive care unit. This failure allegedly caused Drew's brain to swell massively, resulting ultimately in his death.

Before the court is a motion by plaintiff Stephanie Plaisted (Mrs. Plaisted) for leave to file an amendment to plaintiffs' complaint. Mrs. Plaisted wishes to add a claim of negligent infliction of emotional distress against defendants. In her motion, Mrs. Plaisted claims that (1) she witnessed defendants allegedly injuring Drew; and (2) as a result of her perception of injury to her son, she has suffered physical injury in the form of nightmares, anxiety, and sleep disturbance.

Defendants oppose Mrs. Plaisted's motion and state that (1) amendment at this stage in the proceedings would unfairly prejudice defendants because it may require additional depositions, written discovery, medical records, and expert review; and (2) the court should deny the motion because the proposed amendment fails to state a claim on which relief may be granted and, as such, is futile.

For the reasons that follow, we conclude that there is sufficient reason to allow Mrs. Plaisted the opportunity to prove her negligent infliction claim. We will therefore grant her motion to file an amended complaint.

**DISCUSSION:**

### I. STATEMENT OF RELEVANT FACTS

We recite herein the facts as alleged in plaintiffs' instant motion.

Drew died on December 27, 2000. Plaintiffs watched Drew's physical condition grow worse over an approximately 24–hour period from December 26 to December 27, 2000. Plaintiffs were present on the hospital floor when Drew began to deteriorate, and were present in Drew's room when hospital staff made efforts to save his life. Plaintiffs ultimately had to agree to discontinue Drew's life support and decide whether to authorize an autopsy. Having watched their son die caused shock, distress, and mental and emotional disturbance to plaintiffs.

Mrs. Plaisted suffered physical injury in relation to her contemporaneous perception of Drew's injury in the form of depression, nightmares, anxiety, and sleep disturbance and has been treated by a social worker in relation to her injury.

Mrs. Plaisted now proposes to amend plaintiffs' complaint to add a claim of negligent infliction of emotional distress against Geisinger.

### II. DIVERSITY JURISDICTION

A federal court sitting in diversity must apply state substantive law and federal procedural law. *Chamberlain v. Giampapa,* 210 F.3d 154, 158 (3d Cir.2000) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). We will therefore look to federal law to determine when a federal court may grant leave to amend and whether defendants would be prejudiced by the addition of a negligent infliction claim. We will look to Pennsylvania law to determine whether, as defendants allege, Mrs. Plaisted's proposed amendment is futile.

### III. STANDARD

Under Federal Rule of Civil Procedure 15(a), after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Because defendants have not given written consent to Mrs. Plaisted's proposed amendment, her only recourse is to amend by leave of court.

The authority to grant a motion for leave to amend a complaint is "addressed to the sound discretion of the district court." *Cureton v. NCAA,* 252 F.3d 267, 272 (3d Cir.2001); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, a "liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.14[1] (3d ed.2000) (footnote omitted). In *Foman,* the Supreme Court set forth a list of factors that would justify a district court's denial of leave to amend, including "undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of [the] amendment." *Foman,* 371 U.S. at 182, 83 S.Ct. 227.

### IV. LEAVE TO AMEND

Defendants argue that they will be unfairly prejudiced if Mrs. Plaisted is permitted to

bring a negligent infliction claim at this point in the litigation. Defendants also argue that amendment of plaintiffs' complaint to include a claim of negligent infliction would be futile, as they allege the claim is legally deficient under Pennsylvania law. We consider each argument separately.

### A. UNFAIR PREJUDICE

Defendants allege that they will be unfairly prejudiced if we grant Mrs. Plaisted leave to file an amended complaint. According to defendants, the majority of discovery has been conducted, and the addition of a new claim "would force defendants to conduct additional depositions, pursue additional written discovery and medical records, and possibly require expert review." (Defs.' Br. Opp'n, Rec. Doc. No. 31 at 5.)

We note that "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become ... prejudicial, placing an unfair burden on the opposing party." *Adams v. Gould,* 739 F.2d 858, 868 (3d Cir.1984) (internal quotation marks omitted). While it is true that Mrs. Plaisted offers no explanation for having waited a year before seeking to add a negligent infliction claim, the motion is within the statute of limitations, and we find that the delay in filing does not unfairly burden defendants. (*See* Plaisted Mot., Rec. Doc. No. 26 ¶ 15.)

The claim adds no new parties and "does not alter the litigation landscape in this case materially." (Plaisted Br. Supp., Rec. Doc. No. 28 at 2.) Plaintiffs have indicated that they will consent to re-deposition of Mrs. Plaisted on any issues raised by the amendment. (Plaisted Mot., Rec. Doc. No. 26 ¶ 19.) In addition, any other discovery required involves one plaintiff and one discrete issue. Trial is scheduled for December 9, 2002, and we find that defendants have ample time to prepare. We therefore find that the *Foman* factors of undue delay and undue prejudice do not apply to this case.

### B. FUTILITY

Defendants argue that Mrs. Plaisted's claim of negligent infliction fails to state a claim on which relief may be granted and that amendment would therefore be futile. We disagree. Under Pennsylvania law, a court considers three factors when evaluating a claim of negligent infliction of emotional distress:

(1) Whether plaintiff was located near the scene of the accident ...;

(2) Whether the shock resulted from a direct emotional impact on plaintiff from the sensory and contemporaneous observance of the accident ...; and

(3) Whether plaintiff and victim were closely related.

*Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672, 685 (1979). In addition, the person seeking damages under a claim of negligent infliction must suffer physical injury as a result of actually having witnessed the harm. *Mazzagatti v. Everingham by Everingham,* 512 Pa. 266, 516 A.2d 672, 679 (1986).

In *Love v. Cramer,* 414 Pa.Super. 231, 606 A.2d 1175 (1992), the Pennsylvania Superior Court reversed a trial court order granting defendants' motion to dismiss a claim for negligent infliction where the plaintiff watched her mother die of a heart attack after a doctor had ignored her mother's symptoms of heart disease. The court found that the plaintiff's "sensory and contemporaneous observance of her mother's fatal heart attack" was sufficient under Pennsylvania law to state a cause of action for negligent infliction. *Love,* 606 A.2d at 1177. The court further found that, when proving a negligent infliction claim, a plaintiff does not have to show that the alleged negligence took place at the time of the accident. Rather, "[i]t is enough if the negligence constituted the proximate cause of the injury and of the resulting emotional trauma." *Id.*

We do not at this time evaluate the merits of Mrs. Plaisted's claim for negligent infliction of emotional distress. We do, however, note that Mrs. Plaisted alleges having witnessed fatal injury to her son caused by defendants' negligence and physical injury as a result of having witnessed the harm. Mrs. Plaisted "may be unable to ultimately prove a causal connection between her injuries and the ... alleged negligence, [but] she should at least be given the opportunity to do so."

*Id.* at 1178. We find that the *Foman* factor of futility of amendment does not apply in this case. Thus, we will grant Mrs. Plaisted leave to amend plaintiffs' complaint.

## CONCLUSION:

Mrs. Plaisted's having waited to bring a claim for negligent infliction of emotional distress until approximately one year after the filing of plaintiffs' original complaint does not unduly prejudice plaintiffs. In addition, we are unable to say at this point in the litigation that Mrs. Plaisted's claim for negligent infliction of emotional distress fails to state a claim on which relief may be granted; amendment to include the claim is therefore not futile. We find that justice requires that we grant Mrs. Plaisted leave to amend plaintiffs' complaint to include a claim for negligent infliction of emotional distress.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Stephanie Plaisted's Motion for Leave to File First Amended Complaint (Rec.Doc. No. 26) is granted.

2. The clerk is directed to file and docket plaintiffs' First Amended Complaint (Rec. Doc. No. 29, Ex. 2).

3. The First Amended Complaint is deemed served and defendants shall respond to the First Amended Complaint no later than ten (10) days from the date of this Order.

4. Discovery is extended through November 18, 2002 to the extent necessary for defendants to prepare for trial on Mrs. Plaisted's new claim of negligent infliction of emotional distress.