**Rosen v. Tate**

C.P. of Lehigh County, no. 2001-C-2395.

*Keith J. Williams,* for plaintiff.
*William Corcoran,* for defendant.

WALLITSCH, *J.,* October 27, 2003—Before this court is an issue of first impression involving an interpretation of how the Pennsylvania Dog Law Statute, 3 P.S. §459-101-551, applies to a negligence cause of action resulting from a dog bite. On September 3, 2001, Benjamin Rosen, a minor, accompanied his mother on a visit to the home of defendant, Daniel Tate. Benjamin and his mother were invited into Tate's home while Tate was outside working on his car. While inside the home, Benjamin and his mother decided to go out onto the back porch to see Tate's dogs. They unlocked the back door, and as Benjamin stepped out onto the back porch he was bitten by one of those dogs. Benjamin's mother, Marcia Rosen, filed this negligence action on behalf of her son. Rosen has also alleged a claim of negligent infliction of emotional distress on her own behalf.

Tate filed the instant motion for summary judgment alleging that the negligence cause of action must fail because Tate was unaware of his dog's vicious propen-

sity. Tate also alleges that because there is no underlying negligence cause of action, the negligent infliction of emotional distress claim must fail. Pursuant to Pa.R.C.P. 1035.2, summary judgment is appropriate:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

A party opposing a motion for summary judgment, in order to make an evidentiary showing sufficient to advance the party to trial, must show that it has a plausible ground for maintaining the cause of action. *Community Medical Services v. Local 2665,* 292 Pa. Super. 238, 437 A.2d 23 (1981). While the non-movant is not required to present its entire case in opposing a motion for summary judgment, it must present sufficient evidence to demonstrate that the moving party is not entitled to judgment as a matter of law. *Brecher v. Cutler,* 396 Pa. Super. 211, 578 A.2d 481 (1990). Applying the above standard to Tate's motion for summary judgment we find that Rosen has provided sufficient evidence to demonstrate that she has a plausible ground for maintaining one negligence cause of action, as well as her negligent infliction of emotional distress claim.

Rosen's claim of negligence rests on two provisions of the Dog Law. First, Rosen claims that Tate was negligent in not properly confining the dog that bit Benjamin. The Dog Law provides:

"It shall be unlawful for the owner or keeper of any dog to fail to keep at all times such dog either:

"(1) confined within the premises of the owner;

"(2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the premises on which it is secured; or

"(3) under the reasonable control of some person, or when engaged in lawful hunting, exhibition or field training." 3 P.S. §459-305.

In this case, the dog was confined within Tate's backyard by a five-foot fence. It is clear that the dog was "confined within the premises of the owner" as required by the statute, and that Tate cannot be held liable under this theory advanced by Rosen.

Rosen's second allegation of negligence involves section 459-502-A of the Dog Law. Section 459-502-A, as amended in 1996, states in pertinent part:

"Section 459-502-A Registration

"(a) Summary offense of harboring a dangerous dog.— Any person who has been attacked by one or more dogs, or anyone on behalf of such person, a person whose domestic animal has been killed or injured without provocation, the state dog warden or the local police officer may file a complaint before a district justice, charging the owner or keeper of such a dog with harboring a dangerous dog. The owner or keeper of the dog shall be guilty

of the summary offense of harboring a dangerous dog if the district justice finds beyond a reasonable doubt that the following elements of the offense have been proven:

"(1) The dog has done one or more of the following:

"(i) Previously inflicted severe injury on a human being without provocation on public or private property.

"(ii) Killed or inflicted severe injury on a domestic animal without provocation while off the owner's property.

"(iii) Attacked a human being without provocation.

"(iv) Been used in the commission of a crime.

"(2) The dog has either or both of the following:

"(i) A history of attacking human beings and/or domestic animals without provocation.

"(ii) A propensity to attack human beings and/or domestic animals without provocation. A propensity to attack may be proven by a single incident of the conduct described in paragraph (1)(i), (ii), (iii), or (iv).

"(3) The defendant is the owner or keeper of the dog." 3 P.S. §459-502-A(a).

In examining the summary offense of harboring a dangerous dog as provided by the Dog Law, we recognize that a court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment. A legislative enactment is adopted as the standard of conduct when the purpose of such enactment is found to be exclusively or in part: "(a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm

which has resulted, and (d) to protect that interest against the particular hazard from which the harm results." Restatement (Second) of Torts §286.

In *Miller v. Hurst,* 302 Pa. Super. 235, 448 A.2d 614 (1982), the Pennsylvania Superior Court determined that the requirements set forth in the Restatement (Second) of Torts §286 were the considerations which prompted the enactment of the Dog Law. Further, in finding that there was no reason not to adopt the statute as the standard for determining whether a person has complied with the common-law duty to exercise ordinary care, the court concluded that an unexcused violation of the Dog Law is negligence per se.

We find that the same considerations, *i.e.,* protecting the public from personal injury, property damage, and other hazards created by roving dogs, and dogs in general, still exist following the 1996 amendment to the Dog Law. After a close examination of the change in statutory language, we believe that the legislature intended to impose criminal liability to individuals harboring a dangerous dog. In addition, the legislature expanded what constitutes a dangerous dog by including a category of dogs that does not have a *history* of attacking without provocation, but does have a *propensity* to attack without provocation. Further, under certain circumstances, that propensity to attack may be proven from the incident at issue. Nothing in the new statutory language changes the purpose for which the Dog Law was originally enacted. Accordingly, we find that section 459-502-A of the Dog Law is an appropriate standard for determining whether a person has complied with the

common-law duty to exercise ordinary care, and a violation of said statute constitutes negligence per se.

It is now necessary for this court to determine whether Rosen has provided evidence to establish that Tate was harboring a dangerous dog as provided by the Dog Law. Taking the last requirement first, it is not disputed that Tate is the owner of the dog that bit Benjamin. Next, Rosen has provided evidence that the dog in question bit Benjamin without provocation. This fulfills the requirement under 3 P.S. §459-502-A(a)(1)(iii). Finally, Rosen must establish that the dog has either (or both) of the following: "a history of attacking human beings . . . without provocation [or] a propensity to attack human beings . . . without provocation." 3 P.S. §459-502-A(a)(2). There is no evidence that the dog had a history of attacking human beings. The only evidence Rosen has provided regarding the dog's propensity to attack human beings without provocation is that the dog attacked Benjamin without being provoked. The statute provides that a propensity to attack may be proven by a single incident of a dog attacking a human being without provocation. Therefore, it appears that Rosen has provided sufficient evidence for the cause of action to survive Tate's motion for summary judgment.

We note, however, that the statutory language does not provide that a single incident of attacking a human being proves a propensity to attack, only that it *may* prove such propensity. It appears that a plaintiff may prove a cause of action by establishing the facts of a single incident, but a defendant will have the opportunity, and burden, of proving that such incident does not rise to a de-

termination of a "propensity" to attack. It is axiomatic that such determination will be left for the trier of fact.

Tate's motion for summary judgment also asserts that Rosen's claim for negligent infliction of emotional distress must fail because of the underlying failure to establish a claim of negligence. In the alternative, Tate asserts that Rosen cannot establish a cause of action for negligent infliction of emotional distress due to the lack of physical injury. Because we have determined that Rosen's negligence claim still exists, we will address Tate's alternate argument only.

In order to establish a claim for negligent infliction of emotional distress, plaintiff must prove that the plaintiff was located near the scene of the accident, that the shock that resulted was from the direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the incident, and that the plaintiff and the victim were closely related. *Love v. Cramer*, 414 Pa. Super. 231, 606 A.2d 1175 (1992). A plaintiff must also prove that she sustained a "physical injury as a result of actually witnessing the harm to the close relative." *Id.* at 234, 606 A.2d at 1177. Tate argues that Rosen is not able to prove psychological or psychiatric injury resulting from the incident because of Rosen's extensive mental health history. However, the existence of prior psychiatric treatment does not preclude a plaintiff from sustaining injuries as a result of witnessing a close relative in an accident. It is the responsibility of the trier of fact to determine whether Rosen's alleged injuries resulted from Rosen witnessing Tate's dog bite her son. We find Rosen has provided enough evidence to present the question to a trier of fact and to deny Tate's motion for summary judgment.