**Ward v. Moses Taylor Hospital**

*Steven G. Wigrizer,* for plaintiffs.
*Dominick J. Georgetti, Chris J. Carling,* and *Patrick C. Carey,* for defendants.

MINORA, *J.,* April 23, 2010—

## I. INTRODUCTION

Currently before this court are the preliminary objections of the collective defendants to plaintiffs' amended complaint sounding in medical malpractice. By way of background, the amended complaint alleges that plaintiff John J. Ward presented himself to Moses Taylor Hospital on August 16, 2007 suffering from partial paralysis. Plaintiffs allege that due to negligent treatments, specifically a delay in diagnosis and transfer, coupled with the use of the drug Heparin, John J. and suffered complete paralysis resulting in quadriplegia.

The defendants filed preliminary objections to plaintiffs' amended complaint that originally were two-fold.

The second preliminary objection was based on alleged technical pleading violations per Pa.R.C.P. 1028(a)(3) and Pa.R.C.P. 1019(a). Defendants claimed that the pleadings were open-ended and did not focus on what defendants did nor did not do relative to certain specific acts. However, those preliminary objections have been resolved by stipulation of counsel dated January 19, 2010 and approved and filed of record January 21, 2010. So we will not belabor that point.

The remaining preliminary objection in the nature of a demurrer as per Pa.R.C.P. 1028(a)(4) contends that the plaintiffs, in Count III of their amended complaint, have not adequately pled a cause of action for negligent infliction of emotional distress suffered by Wife-plaintiff, Rhoda and and therefore, that cause of action should be dismissed as a matter of law.

The matter has been thoroughly briefed and argued on January 19, 2010 and is now ripe for disposition.

## II. ISSUE

*Should defendants' preliminary objections in the nature of a demurrer as per Pa.R.C.P. 1028(a)(4) claiming that plaintiff's claim for negligent infliction of emotional distress (Count III) be dismissed as a matter of law?*

## III. DISCUSSION

### A. *The General Standards for a Demurrer Under Pa.R.C.P. 1028(a)(4)*

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally

insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings and no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom, must be admitted as true. Further, the impetus of our inquiry is to determine the legal sufficiency of the complaint and to determine whether the pleading would permit recovery if ultimately proven. Since sustaining a preliminary objection in the nature of a demurrer will result in a denial of a claim or a dismissal of a suit, a demurrer should only be granted where the case is clear and free from doubt. *Cooper v. Frankford Health Care System Inc.*, 960 A.2d 134, 143-44 (Pa. Super. 2008). (internal citations omitted) See also, *Hess v. Fox Rothschild LLP*, 925 A.2d 798, 805-806 (Pa. Super. 2007) and *Petsinger v. Department of Labor and Industry, Office of Vocational Rehabilitation*, 988 A.2d 748 (Pa. Commw. 2010).

With those guiding principles in mind, we can now examine plaintiffs' claim for negligent infliction of emotional distress.

### B. *The Legal Sufficiency of Count III of Plaintiff's Amended Complaint (Negligent Infliction of Emotional Distress)*

The watershed case establishing a cause of action for negligent infliction of emotional distress is *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979). In that case, the Pennsylvania Supreme Court outlined the factors necessary for a bystander who was not within the zone of

danger to sustain a cause of action for negligent infliction of emotional distress: (1) whether the plaintiff was located near the scene of the accident as contrasted with one who is a distance away from it; (2) whether the shock resulted from the direct emotional impact upon the plaintiff from the sensory and contemporaneously observation of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) whether the plaintiff and the victim were closely related. *Sinn v. Burd,* 486 Pa. 146, 170-71, 404 A.2d 672, 685 (1979).

In the medical malpractice setting, one suing for negligent infliction of emotional distress at witnessing another's injury must have observed the negligent act or conduct giving rise to such injury, not just its consequences, and a family member who did not actually observe the allegedly negligent diagnosis, surgery, or other procedure carried out on the patient has no claim to damages for the mental trauma of seeing the patient dead or deteriorating because of the negligence. See *Halliday v. Beltz,* 356 Pa. Super. 375, 514 A.2d 906 (1986); *Tackett v. Encke,* 353 Pa. Super. 349, 509 A.2d 1310 (1986). Some courts have even gone so far to say that one cannot observe a doctor's professional misjudgment or omission. See *Tackett v. Encke, supra.*

Moreover, the emotional distress suffered must be more than mere emotional impact of a temporary nature. It is well established that temporary fright, nervous shock, nausea, grief, rage and humiliation, if transitory, are not compensable harm but that long continued nausea or headaches, repeated hysterical attacks or mental aberration are compensable injuries. *Armstrong v. Paoli Memorial Hospital,* 430 Pa. Super. 36, 44-45, 633 A.2d

605, 609 (1993). Also compensable are continuing depression, nightmares, stress and anxiety that require treatment. See *Love v. Cramer,* 414 Pa. Super. 231, 606 A.2d 1175 (1992).

If we look at paragraph 97 of plaintiffs' amended complaint, plaintiff Rhoda and certainly alleges severe depression, stress, anxiety, insomnia, stomach distress and emotional shock all of which are causing her alleged ongoing harm and which may be permanent.

Certainly, these manifestations meet the guidelines of the *Armstrong* and *Love* cases cited above, in describing the types of ongoing long-lasting injuries that must be alleged to support the emotional distress criteria. Likewise, the plaintiff Rhoda and alleges observing several discrete and identifiable traumatic events of alleged negligence (see paragraphs 75, 76, 77 and 78 of amended complaint) including inappropriate administration of Heparin, ordering Heparin without physically evaluating the patient, diagnosing CVA/stroke without an adequate basis and reaching definitive diagnosis without examining the patient.

This certainly meets pleading requirements for the "discrete and identifiable traumatic incidents of negligence" prong of the theory of negligent infliction of emotional distress as they could be characterized collectively as at least a mixture of commissions and omissions. The plaintiff has precisely pled her cause of action in accord with the requirements of existing case law. We are compelled to give the benefit of a close case to the non-moving party (plaintiff herein) as per the *Cooper* case *supra*.

Plaintiff has pled ongoing harm which may be permanent. Plaintiff has also pled the observation of a number of discrete, identifiable and traumatic events of alleged negligence. It is here that we have difficulty. The observation of "inappropriate administration of Heparin"; of "ordering Heparin without physically evaluating patient"; "diagnosing CVA/stroke without an adequate basis"; and "reaching a definitive diagnosis without evaluating the patient." See plaintiffs' amended complaint at paragraphs 75, 76, 77 and 78.

These observations, if made as pled, would still need to be perceived as well as discerned and appreciated for their medical significance in order to cause the plaintiff's alleged injuries. In other words, to meet the *Sinn v. Burd* test, *supra,* the plaintiff would need to do more than observe these events, she would need to contemporaneously observe it, appreciate its adverse medical significance upon her husband and at the same moment suffer emotional shock causing a direct emotional upset upon the plaintiff.

This court believes that to appreciate the medical significance of these alleged negligent acts would require a level of medical expertise far beyond that of a typical layperson. Because the requirements of the case law do not require this, we are mandated to suspend our common sense and overrule the proffered preliminary objections in the form of a demurrer.

Further Pa.R.C.P. 1019(c) indicates when pleading the performance or occurrence of conditions precedent it is sufficient to aver generally that all conditions precedent have been performed or have occurred. Certainly, this

level of pleading precision has been achieved here. Issues of ultimate proof cannot be a concern of the courts at this stage of the proceeding.

Because the denial of a demurrer is not a final appealable order, there appears to be no remedy despite the obvious need for appellate review herein. The need arises because the situation as pled here is capable of repetition and recurring harm.

We are guided by the governing law and therefore we are mandated to overrule and dismiss the demurrer.

Therefore, at the pleading stage, the plaintiff, Rhoda Ward, has pled sufficient facts to support a potential claim for negligent infliction of emotional distress and collective defendants' demurrer to Count III of plaintiffs' amended complaint (negligent infliction of emotional distress) will be overruled and dismissed.

An appropriate order follows.

## ORDER

And now to wit, April 23, 2010, upon due consideration of collective defendants' preliminary objection in the nature of a demurrer to Count III (negligent infliction of emotional distress) of plaintiffs' amended complaint and the able arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed that said demurrer is overruled and dismissed.