**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3175
_____

JOHN KLIESH,

Appellant

v.

SELECT PORTFOLIO SERVICING INC;
CREDIT SUISSE FIRST BOSTON (USA)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-2726)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2011

Before: RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 22, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant John Kliesh appeals the District Court's dismissal of his

1

complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007). For the reasons discussed below, we will affirm the District Court's judgment.

This action arises out of Select Portfolio Servicing Inc.'s efforts to collect mortgage payments from Kliesh and its ultimate decision to foreclose on his home. Kliesh obtained a mortgage on September 18, 1997; the mortgage was later assigned to Select Portfolio. In February 2003, Kliesh defaulted on his mortgage payments. Over the years, Select Portfolio wrote numerous letters and made repeated phone calls to Kliesh in an effort to collect the money that Kliesh owed. When these efforts proved unsuccessful, Select Portfolio instituted a foreclosure action in the Bucks County Court of Common Pleas.

Kliesh raised numerous counterclaims in the state-court action, which alleged, generally, that the mortgage agreement itself was illegal, that Select Portfolio had charged Kliesh unwarranted fees, and that Select Portfolio's collection actions violated federal law. Kliesh also charged Select Portfolio with breaching numerous procedural rules in the course of litigating the foreclosure action. The Court of Common Pleas granted summary judgment to Select Portfolio. The Court concluded that Kliesh's various defenses were "simply attempts to prolong this litigation with further baseless allegations." The Superior Court affirmed.

2

Kliesh then filed a complaint in federal court. In his amended complaint, which is at issue here, he raised the following claims: (1) Select Portfolio filed a fraudulent foreclosure action; (2) Select Portfolio violated the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-67; (3) Select Portfolio unjustly enriched itself; (4) Select Portfolio violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p; (5) Select Portfolio violated the Fait Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x; and (6) Select Portfolio intentionally inflicted emotional distress upon him. As discussed below, the District Court granted Select Portfolio's and Credit Suisse First Boston's[1] motions to dismiss. Kliesh then filed a timely appeal.

As a preliminary matter, Kliesh argues that Select Portfolio's and Credit Suisse's motions to dismiss were untimely and that they should not have been permitted to file separate motions. These arguments fail. Kliesh filed his amended complaint on September 15, 2009, and Rule 15(a)(3) of the Federal Rules of Procedure provides defendants with 14 days to respond. And, since Kliesh served the amended complaint by first-class mail, defendants were entitled to an additional three days. See Fed. R. Civ. P.

---

[1] As this summary of the claims reveals, Kliesh made no specific allegations against Credit Suisse, the second defendant he named, and seems to have sued it solely due to its role as a parent company of Select Portfolio. Typically, "a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61 (1998). In any case, because we agree with the District Court that Kliesh has failed to state a claim against Select Portfolio, he has also necessarily failed to state a claim against Credit Suisse.

6(d). Their responses were thus due on October 2, 2009, which is the day they were filed. Moreover, Select Portfolio and Credit Suisse did not violate any rules by filing separate responses; they were, after all, named as separate defendants in Kliesh's amended complaint.

Kliesh also challenges the District Court's decision to dismiss his first claim — that defendants filed a fraudulent foreclosure action — on the basis of the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). According to Kliesh, he alleged that he was injured by the defendants, not the state-court judgment. So construed, we agree that the claim is arguably not barred by the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010).

However, even accepting Kleish's interpretation of his claim, it is barred by principles of issue preclusion.[2] Under this doctrine, "when an issue of fact or of law is actually litigated and determined by a valid final judgment, and determination of the issue was essential to judgment, the determination on that issue is conclusive in a subsequent action between the parties, whether on the same or a different claim." McNeil v. Owens-

---

[2] We may affirm the District Court's judgment on any ground supported by the record. United States v. Sanchez, 562 F.3d 275, 279 (3d Cir. 2009). Select Portfolio raised this defense in its motion to dismiss, and it is appropriate for us to review the state court opinions at the motion-to-dismiss stage to determine whether they should be

4

Corning Fiberglas Corp., 680 A.2d 1145, 1147-58 (Pa. 1996). Kliesh claims that the defendants obtained the allegedly fraudulent judgment by (1) flouting the Pennsylvania Rules of Civil Procedure and (2) enforcing an invalid mortgage agreement. However, he fully raised those precise arguments in the state proceedings, the Court of Common Pleas rejected the arguments on the merits and the Superior Court affirmed that court's judgment, and the state courts' rulings were essential to the final judgment. The state courts' rulings are therefore conclusive in this action and bar this claim.

Kliesh next challenges the District Court's rulings that his TILA, FDCPA, and intentional-infliction-of-emotional-distress claims are barred by the applicable statutes of limitations. See 15 U.S.C. § 1640(e) (one-year statute of limitations for claims under TILA); 15 U.S.C. § 1692k(d) (one-year statute of limitations for claims under FDCPA); 42 Pa. Cons. Stat. § 5524 (two-year statute of limitations for claims of emotional distress). He attacks the Court's reasoning on four grounds. First, he claims that the District Court wrongly raised this defense sua sponte. Kliesh is wrong; Select Portfolio made this argument in its motion to dismiss. See W. Penn Allegheny Health Sys. v. UPMC, 627 F.3d 85, 105 n.13 (3d Cir. 2010) (defendants may raise statute-of-limitations defense in motion to dismiss). Second, Kliesh argues that because the defendants have not yet evicted him from the property, the statutes of limitations have not begun to run on any of his claims. We are aware of no precedent supporting this novel argument; in any

accorded preclusive effect. See Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir.

5

event, because Kliesh did not raise it before the District Court, we will not entertain it on appeal. See C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010).

Third, Kliesh contends that he is entitled to tolling because the defendants fraudulently concealed their misconduct by obtaining the state judgment. However, this argument misses the point; to be entitled to tolling on this ground, Kliesh must allege that the defendants' conduct prevented him "from recognizing the validity of [his] claim within the limitations period." Mathews v. Kidder, Peabody & Co., 260 F.3d 239, 256 (3d Cir. 2001). Kliesh has not argued that the defendants' actions misled him, and given his vigorous defense of the state action, it is unclear how he could. Finally, Kliesh argues that equitable tolling should apply to his TILA and FDCPA claims because he previously raised them as state-court counterclaims. While it is true that equitable tolling is available where a plaintiff has timely asserted his rights in the wrong forum, see Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005), Kliesh's counterclaims were themselves filed outside the limitation periods. Accordingly, we will affirm the District Court's dismissal of these claims.[3]

---

2004).

[3] Kliesh has not presented any argument challenging the District Court's dismissal of his FCRA or unjust-enrichment claim, and we agree with the District Court that those claims fail as a matter of law. Further, we agree with the District Court that on the facts alleged, Kliesh has failed to assert a viable intentional-infliction-of-emotional-distress claim. Cf. Lazor v. Milne, 499 A.2d 369, 371 (Pa. Super. Ct. 1985) ("An actor is never liable where he has done no more than to insist upon his legal rights in a permissible way, even if he is aware that such insistence may cause emotional distress." (citing Restatement (Second) of Torts § 46 cmt. g)).

Finally, Kliesh argues that he should have been given leave to amend his complaint. We agree with the District Court that further amendment would be futile. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Kliesh's claims fail as a matter of law, and he could not cure these deficiencies with further pleading.

We have thoroughly reviewed the remaining arguments Kliesh has made and find them meritless.[4] Accordingly, we will affirm the District Court's order dismissing Kliesh's amended complaint.

---

[4] We note also that Kliesh has presented new evidence that he alleges supports his claims. While the "only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court, in exceptional circumstances a court of appeals may allow a party to supplement the record on appeal." Acumed LLC v. Advanced Surgical Servs., 561 F.3d 199, 226 (3d Cir. 2009) (internal quotation marks, alterations, and citation omitted). Here, Kliesh's new evidence does not address the legal obstacles that are fatal to his claims.