NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3955
_____

JOHN KLIESH,
                              Appellant

v.

SELECT PORTFOLIO SERVICING, INC.;
CREDIT SUISSE FIRST BOSTON (U.S.A.);
ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-00548)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: April 17, 2013 )
_____

OPINION
_____

PER CURIAM

    John Kliesh commenced this action in the District Court against Defendants Select

Portfolio Servicing, Inc. ("SPS"), Credit Suisse First Boston (U.S.A.) ("CS"), and Eckert

Seamans Cherin & Mellott, LLC ("ESCM")[1] demanding that they rescind his mortgage contract and that they pay him $10 million in damages. The matter arises out of SPS's efforts to collect mortgage payments from Kliesh and its ultimate decision to foreclose on his home. Kliesh obtained a mortgage in September 1997; the mortgage was later assigned to SPS. Over the years, SPS wrote numerous letters and made repeated phone calls to Kliesh in an effort to collect the money that Kliesh owed. When these efforts proved unsuccessful, SPS instituted a foreclosure action in the Bucks County Court of Common Pleas.

Kliesh raised numerous counterclaims in the state court action alleging, generally, that the mortgage agreement itself was illegal, that SPS had charged Kliesh unwarranted fees, and that SPS's collection actions violated federal law. The Court of Common Pleas granted summary judgment to SPS. The Court concluded that Kliesh's various defenses were "simply attempts to prolong this litigation with further baseless allegations." The Superior Court affirmed and the Pennsylvania Supreme Court denied Kliesh's petition for allowance of appeal.

---

[1] Credit Suisse First Boston (U.S.A) is the parent company of Select Portfolio Servicing, Inc., and Eckert Seamans Cherin & Mellott, LLC is the law firm representing both companies.

In June 2009, Kliesh filed a complaint in the United States District Court for the Eastern District of Pennsylvania ("the First Federal Action").[2] The District Court granted SPS's and CS's motions to dismiss. We affirmed on appeal. Kliesh v. Select Portfolio Servicing Inc., 419 F. App'x 268 (3d Cir. 2011).

In January 2012, Kliesh commenced the instant action in the District Court ("the Second Federal Action"), raising the following claims against SPS and CS: (1) fraudulent foreclosure action; (2) contract fraud; (3) unjust enrichment; (4) civil conspiracy; (5) violations of the Pennsylvania State Constitution; (6) damages by way of harassment. Kliesh also asserted claims 4, 5, and 6 against and ESCM. SPS, CS, and ESCM jointly moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. They also filed a motion to preclude Kliesh from commencing any further actions. The District Court denied the motion to preclude, but

---

[2] In that action, Kleish raised the following claims against SPS and CS: (1) fraudulent foreclosure action; (2) violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-67; (3) unlawful enrichment; (4) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p; (5) violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x; and (6) intentional infliction of emotional distress.

3

granted the motion dismiss on multiple grounds.[3] Kliesh filed a motion for reconsideration, which the District Court also denied. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007).

We agree with the District Court's determination that all of Kliesh's claims are barred by their respective statutes of limitations.[4] See 15 U.S.C. § 1640(e) (one-year statute of limitations for claims under TILA); 42 Pa. Cons. Stat. § 5524(7) (two-year statute of limitations for claims of emotional distress, fraud, civil conspiracy, and violations of the state Constitution); Id. at § 5525(a)(4) (four-year statute of limitations for claims of unjust enrichment). The statute of limitations begins to run on the date that "the cause of action accrued." Id. at § 5502(a). A cause of action accrues "when the injury is inflicted." Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005).

Kliesh's causes of action accrued in October 2005 when SPS commenced the state foreclosure action against Kleish after providing him with all of the required pre-

_____

[3] The District Court determined that: a) Claims 1 and 2 were barred by the Rooker-Feldman doctrine, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), because they were "inextricably intertwined" with the state foreclosure action; b) Counts 4, 5, and 6 failed to sufficiently state claims for relief; c) collateral estoppel barred Counts 1, 2, 3, and 6 because they were previously litigated in the state foreclosure action and/or the First Federal Action; d) Counts 4 and 5 were barred by res judicata; and e) Counts 1 through 6 were barred by their respective statute of limitations.

[4] Because we affirm the dismissal of Kliesh's complaint on this basis, we need not, and accordingly do not, address whether the District Court was also correct to dismiss the complaint on the additional grounds offered in its opinion.

4

foreclosure notices.  Kleish did not file the complaint at issue here until January 2012, over six years later.

We further agree with the District Court that Kleish is not entitled to equitable tolling.  Equitable tolling, applied sparingly, see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 90 (1990), is appropriate in such circumstances as "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  Although Kleish argued that the ESCM "conspired" with SPS to prevent him from recognizing the validity of his claims within the limitations period, we agree with the District Court that his vigorous defense of the state foreclosure action, and of the First Federal Action, belies any such argument.  We also reject as meritless Kliesh's assertion that the District Court was biased in rendering these determinations.

To the extent Kliesh argues that he should have been given leave to amend his complaint, we agree with the District Court that further amendment would be futile.  See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).  Kliesh's claims fail as a matter of law, and he could not cure these deficiencies with further pleading.

Finally, we discern no abuse of discretion in the District Court's denial of Kliesh's motion for reconsideration.  Kliesh did not demonstrate any basis for granting the motion, such as an intervening change in controlling law, new evidence, or the need to correct

5

clear error of law or fact or prevent manifest injustice.  See Lazaridis v. Wehmer, 591

F.3d 666, 669 (3d Cir. 2010).

Accordingly, we will affirm the District Court's order dismissing Kliesh's

complaint.  Appellees' request for imposition of sanctions pursuant to Federal Rule of

Appellate Procedure 38 is denied.  We will, however, tax costs against Kliesh under

Federal Rule of Appellate Procedure 39.  See Fed. R. 39(a)(2).