J-A26037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANTONELLO BOLDRINI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES R. BRUNO, M.D., PITTSTON MEDICAL ASSOCIATES AND DAVID W. GREENWALD, M.D., MEDICAL ONCOLOGY ASSOCIATES | |
| Appellee | No. 2056 MDA 2013 |

Appeal from the Order Entered October 17, 2013
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): CV-4655-2011

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 09, 2014**

Appellant, Antonello Boldrini, plaintiff below, appeals *pro se* from the order entered in the Luzerne County Court of Common Pleas on October 17, 2013, sustaining the preliminary objections filed by James R. Bruno, M.D. ("Bruno") and David W. Greenwald, M.D. ("Greenwald") (collectively "Appellees").  We affirm.

Appellant commenced this medical malpractice action by writ of summons on March 30, 2011. Following issuance of rule to file a complaint, Appellant filed a *pro se* complaint ("Original Complaint") on July 7, 2011, raising claims allegedly arising under the Wrongful Death and/or Survival Act Statutes ("Wrongful Death"), negligent infliction of emotional distress ("NIED"), and general negligence.  Appellant appears to allege in the

complaint that his wife, Giuseppina Boldrini ("Decedent"), received inadequate medical care and treatment from Appellees from February 2009 through July 2009. Importantly, Appellant was the only named plaintiff on the Original Complaint.[1]

On August 10, 2011, Greenwald filed a notice of intention to enter judgment of non pros on the professional liability claims for failure to file a certificate of merit. Bruno filed a similar notice on August 11, 2011. On September 12, 2011, judgment was entered in favor of Greenwald. That same day, Appellant filed a motion for extension of time in which to file a certificate of merit. Appellant also filed a petition to open the default judgment on September 29, 2011.

Meanwhile, Appellees filed preliminary objections to Appellant's complaint on July 28, 2011 and August 10, 2011. The trial court held a hearing on Appellees' preliminary objections on September 30, 2011 at 9:30 a.m., after which the court sustained Appellees' preliminary objections, and dismissed with prejudice Appellant's Wrongful Death and NIED claims. In addition, the trial court struck paragraphs 41-45 of Appellant's complaint, relating to general allegations of negligence. Appellant was ordered to file

---

[1] According to documents obtained from the Luzerne County Register of Wills, Marianne Cameli was granted letters testamentary, named the Executrix of Decedent's estate, and Decedent's personal representative on or around August 6, 2009. **See** Bruno's Supplemental Reproduced Record at 12b-14b. However, Decedent's estate never brought an action to recover for the allegedly negligent acts of Appellees.

an amended complaint that: (1) was properly verified; (2) specifically asserted a professional liability claim against each Appellee; and (3) organized each cause of action into separate counts as required by Pa.R.C.P. 1020.

Appellant filed an amended complaint ("Amended Complaint") on October 31, 2011. According to the trial court, "[Appellant's] [a]mended [c]omplaint essentially ma[de] the same claims as his original [c]omplaint, purporting to again set forth only causes of action for wrongful death and survival and for NIED." Trial Ct. Op., 10/17/2013, at 1. Like on the Original Complaint, Appellant was the only named plaintiff on the Amended Complaint. Also on October 31, 2011, Appellant filed a notice of appeal to this Court. Appellant's appeal was quashed as interlocutory on December 19, 2012. *See Boldrini v. Bruno*, 1924 MDA 2011 (Pa. Super. Dec. 19, 2012).

On November 29, 2011, Appellant filed a "certificate of merit" which consisted merely of a copy of the autopsy report prepared by the pathologist who performed Decedent's autopsy.

On January 7, 2013, the Luzerne County Prothonotary entered judgment of non pros for failure to file a certificate of merit pursuant to the praecipe filed by Bruno on August 11, 2011. On January 17, 2013, Appellant filed a petition for relief from the judgment of non pros. Bruno and Greenwald then filed preliminary objections to Appellant's Amended Complaint on January 23, 2013 and January 28, 2013, respectively.

Following oral argument, the trial court issued an order on October 17, 2013, sustaining Appellees' preliminary objections and dismissing Appellant's Amended Complaint. The trial court concluded that since the Amended Complaint made the same claims as the Original Complaint, Appellant's Amended Complaint must be dismissed because the September 30, 2011 order dismissing the wrongful death claim, survival action claim and NIED claim is dispositive under the coordinate jurisdiction rule, and because Appellant failed to state a claim upon which relief could be granted. Trial Ct. Op. at 1-2. The order also denied Appellant's petition for relief from judgment of non pros as moot. This timely appeal followed. Appellant filed a Statement of Errors Complained of on Appeal on December 16, 2013.

Appellant raises the following issues on appeal:

1. Whether Judge Wetzel Order dated 9/30/2011 issued and sent to the Prothonotary at 9:14 a.m. before the hearing of 9:30 a.m. generated corruptly and in conspiracy with Appellees counsels Bluth and Katz to defeat Boldrini is it a void order and also fraud upon the Court set aside or reverse Judge Sklarosky order in this appeal?

2. Whether the Appellees Preliminary Objections are been filed untimely?

3. Whether the Appellees Judgment of Non Pros are been filed properly?

4. Whether the lower court order is to be considered void since based and generated on Judge Wetzel's order dated 9/30/11 issued fraudulently and without authority?

5.   Whether the lower court abuse their discretion and violated Boldrini's due process denying the request to file an amended complaint and to answer to the objections?[2]

6.   Whether the lower court abuse their discretion in avoiding the Motion for Vacate?

Appellant's Brief at 3.

For his first claim on appeal, Appellant makes broad, unsupported allegations of fraud by the trial court and Appellees' counsel. In essence, Appellant claims that the trial court and counsel engaged in a conspiracy to enter on the trial court docket at 9:14 a.m. on September 30, 2011, an order sustaining Appellees' preliminary objection, sixteen minutes before the hearing was scheduled to commence. Appellant's Brief at 6-7. Appellant insists that because this order was entered prematurely, it—and the court's October 17, 2013 order predicated on it pursuant to the coordinate jurisdiction rule—is void. *Id.* at 7-8. We conclude Appellant has waived this issue.

Although we are willing to construe liberally pro se filings, pro se parties are "not entitled to special treatment by virtue of lack of legal training." ***Bronson v. Kerestes***, 40 A.3d 1253, 1254 (Pa. Super. 2012). In the instant matter, Appellant's brief fails to conform to the Pennsylvania Rules of Appellate Procedure in many respects. Specifically, Appellant has

---

[2] Appellant does not discuss this issue in his appellate brief. Accordingly, it is waived. ***See*** Pa.R.A.P. 2119(a) (the argument shall be divided into as many parts as there are questions to be argued).

failed to support his first claim with citation to binding and relevant authority in contravention of Pa.R.A.P. 2119(a) (the argument shall be "followed by such discussion and citation of authorities as are deemed *pertinent.*"). Instead, Appellant relies on federal appellate cases and cases from our sister states to bolster his argument. **Albert v. Erie Ins. Co.**, 65 A.3d 923, 929 (Pa. Super. 2013) (decisions of our sister states are not binding on this Court); **Bochetto v. Piper Aircraft Co.**, 94 A.3d 1044, 1050 (Pa. Super. 2012) (federal court decisions are not binding on this Court). Appellant's brief also violates Pa.R.A.P. 2119(c) in that Appellant has neglected to refer to the "place in the record where the matter referred to appears." Pa.R.A.P. 2119(c). Accordingly, Appellant's first claim is waived. **Korn v. Epstein**, 727 A.2d 1130, 1135 (Pa. Super. 1999) ("Arguments that are not appropriately developed are waived.")

Moreover, even if we had not found this issue waived, Appellant would not be entitled to relief for two reasons. First, our review of the trial court docket indicates that the docket entry at 9:14 a.m. on September 30, 2011, signified that the case file was returned to the prothonotary at that time. A later notation, at 9:47 a.m. that same day, reads: "order with Rule 236 [notice]." A review of the time-stamped documents in question confirms that no fraud was perpetrated on Appellant. Appellant included in the reproduced record a copy of the file transmittal form time-stamped by the Luzerne County Prothonotary at 9:14 a.m. on September 30, 2011, and a

copy of the order sustaining Appellees' preliminary objections time-stamped at 3:01 p.m. on September 30, 2011.

Appellant's claim would also fail because broad allegations of fraud, such as those made by Appellant, are not sufficient to sustain a fraud claim. **Sevin v. Kelshaw**, 611 A.2d 1232, 1235 (Pa. Super. 1992) ("Allegations of fraud require pleading with particularity."); **see also** Pa.R.C.P. 1019(b). The elements of fraud are: (1) a misrepresentation; (2) a fraudulent utterance of it; (3) the maker's intent that the recipient be induced to act; (4) the recipient's justifiable reliance on the misrepresentation; and (5) damages. **Sevin**, 611 A.2d at 1236. In the instant matter, Appellant has not set forth any of the five requirements to state a claim for fraud.

For his second issue on appeal, Appellant claims Appellees' preliminary objections to Appellant's amended complaint were untimely filed. Appellant's Brief at 9. In support of his argument, Appellant cites 52 Pa. Code § 5.61, which provides for a twenty day period for answering complaints filed before the Pennsylvania Public Utility Commission. **See** 52 Pa. Code § 5.61(a). Appellant again improperly relies only on federal appellate case law and a federal practice manual to bolster his argument. **Bochetto**, 94 A.3d at 1050. As Appellant has failed to support his claim with citation to relevant authority, we find his second issue waived. **Korn**, 727 A.2d at 1135, Pa.R.A.P. 2119(a).

Moreover, even if Appellant had not waived this issue, it likewise would not merit relief. Pennsylvania Rule of Civil Procedure 1042.4 requires "a

defendant against whom a professional liability claim is asserted [] file a responsive pleading within the time required by Rule 1026[3] or within twenty days after service of the certificate of merit on that defendant, whichever is later."

With respect to the contents of a certificate of merit, Pa.R.C.P. 1042.4. requires as follows:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. 1042.3.

---

[3] "Except as provided by Rule 1042.4 or by subdivision (b) of this rule, every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. 1026.

This Court has held medical records alone cannot satisfy the certificate of merit requirement of Rule 1042.3. *See Shon v. Karason*, 920 A.2d 2007 (Pa. Super. 2007) (holding MRI and pathology reports do not satisfy the certificate of merit requirement of Rule 1042.3); *see also Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006) (holding expert report did not satisfy the certificate of merit requirement of Rule 1042.3).

The note to Pa.R.C.P. 1042.3(a)(1) provides some guidance on who is considered a physician "appropriately licensed" to provide the necessary statement of support of a certificate of merit as follows:

> It is required, however, that the "appropriate licensed professional" who supplies such a statement be an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualifications such that the trial court would find them sufficient to allow that expert to testify at trial. For example, in a medical professional liability action against a physician, the expert who provides the statement in support of a certificate of merit should meet the qualifications set forth in Section 512 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.512.

Pa.R.C.P. 1042.3(a)(1).

In the instant matter, although Appellant filed the Amended Complaint on October 32, 2011, and purported to file a certificate of merit on November 28, 2011, the certificate of merit consisted merely of the autopsy report prepared by a pathologist employed by the University of Maryland Medical Center. Appellant's submission did not contain any of the

statements or certifications required by Pa.R.C.P. 1042.3(a)(1). Furthermore, even if Appellant's "certificate of merit" consisted of more than an autopsy report, the pathologist who prepared the report is not qualified to act as an expert in this matter. ***See Anderson v. McAfoos***, 57 A.3d 1141 (Pa. 2012) (holding under Section 512 of MCARE Act, a pathologist is not an appropriate licensed professional pursuant to Rule 1042.3(a); ***see also*** 40 P.S. 1303.512(c). [4]

Because Appellant failed to file an appropriate certificate of merit pursuant to Rule 1042.3, the time within which Appellees' were required to file preliminary objections never expired. Accordingly, Appellees' preliminary objections were timely filed on January 23, 2013, and January 28, 2013. Appellant's second issue, therefore, fails.

Appellant claims for his third issue that Appellees' judgments of non pros were improperly filed. Appellant's Brief at 10. Specifically, Appellant claims

> Similarly Appellees filed false non pros in regard to certificate of merit filed by [Appellant] on November 28, 2011 and the Appellees lawyers filed a judgment of non pros after 14 months. The behavior of Attorney Katz and Bluth should disbarred them from the fraud of September 30, 2011 to conspire with [the trial court] in obtained a fraudulent order to dismiss wrongful dead.

---

[4] "No person shall be competent to offer an expert medical opinion in a medical professional liability action against a physician unless that person possesses sufficient education, training, knowledge and experience to provide credible, competent testimony and fulfills the additional qualifications set forth in this section as applicable." 40 P.S. 1303.512(c).

> The [trial court ] should know that go along with some activity as this could be conspiracy and where the statute is vague, ***People v. Williams***, 638 N.E.2d 207 (1st Dist. 1994).

Appellant's Brief at 10.

We conclude Appellant has waived this issue on appeal by failing to support his claim with citation to relevant authority and to the record. ***Bochetto***, 94 A.3d at 1050, ***Korn***, 727 A.2d at 1135; Pa.R.A.P. 2119(a), 2119(c). However, even if this issue was not waived, it would not merit relief. First, as discussed, *supra*, we have already determined that Appellant did not demonstrate that a fraud was perpetrated against him by the trial court with respect to entry of the September 30, 2011 order sustaining Appellees' preliminary objections to the Original Complaint.

Second, although it is not entirely clear from Appellant's brief, it appears that he is challenging the entry of judgment of non pros on January 7, 2013, in favor of Bruno, following Appellant's filing of a "certificate of merit" on November 28, 2011.[5] It bears noting that, notwithstanding entry of judgment of non pros on January 7, 2013, Appellees subsequently filed preliminary objections to Appellant's Amended Complaint on January 23, 2013, and January 28, 2013. As the trial court aptly stated in its opinion in

---

[5] Judgment of non pros was also entered against Appellant in favor of both Appellees on September 12, 2011. That same day, Appellant sought an extension of time in which to file a certificate of merit. It appears that the trial court failed to rule on Appellant's motion, instead sustaining Appellees' preliminary objections to Appellant's Original Complaint.

support of the order sustaining Appellees' preliminary objections, "[a]lthough [Appellant] has filed challenges to both of the non pros judgments [ ] which remain undecided, the issue is moot in light of our disposition of the instant [p]reliminary [o]bjections." Trial Ct. Op. at 2, n 1. We agree. The judgment of non pros entered in favor of Appellees', and any subsequently filed petition to open the judgment,[6] was of no practical consequence as the parties continued to litigate the case, and was rendered moot by the trial court's October 17, 2013 order sustaining Appellees' preliminary objections.

Appellant next claims that the October 17, 2013 order sustaining Appellees' preliminary objections to Appellant's Amended Complaint should be considered void since it is based on the allegedly fraudulent September 30, 2011 order sustaining Appellees' preliminary objections to the Original Complaint.

The coordinate jurisdiction rule provides:

Judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions. Departure is only allowed in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.

---

[6] It appears that Appellant filed a petition for relief from the judgment non pros on January 17, 2013.

*Gerrow v. John Royle & Sons*, 813 A.2d 778, 782 (Pa. 2002) (internal citations omitted).

The rule "promote[s] the goal of judicial economy," "protect[s] the settled expectations of the parties," "ensure[s] uniformity of decisions," "maintain[s] consistency during the course of a single case," "effectuate[s] the proper and streamlined administration of justice," and "bring[s] litigation to an end." *Id.* The rule "does not apply where two motions differ in kind" or "when distinct procedural postures present different considerations." *Id.*

Here, the trial court concluded

> [Appellant's] amended complaint essentially makes the same claims as his original complaint, purporting to set forth only causes of action for wrongful death and survival and NIED. [The trial court's] September 30, 2011 order dismissed with prejudice the identical claims [Appellant] pleads in the amended complaint. As a result, [Appellees'] preliminary objections must be sustained and the complaint dismissed, both under the coordinate jurisdiction rule and because [Appellant's] claims fail to state a claim upon which relief can be granted.
>
> * * *
>
> Since both the issue before [the trial court] in September of 2011 and the issue before this [c]ourt were raised by the preliminary objections of [Appellees], the coordinate jurisdiction rule applies unless exceptional circumstances exist.
>
> * * *
>
> Since there has been no intervening change in the controlling law and no substantial change in the facts or evidence giving rise to the dispute in this matter, the question is whether the prior holding is "clearly erroneous and would create a manifest injustice if followed." [*Citing Ryan v. Berman*, 813 A.2d 792, 795 (Pa. Super. 2002).]
>
> * * *

- 13 -

> . . . Simply put, [the trial court's September 30, 2011] holding is not erroneous and must be followed.

Trial Ct. Op at 1-4 (some capitalization omitted).

We agree with the trial court's conclusion. As discussed above, Appellant does not substantiate the broad allegations of fraud against the trial court and Appellees' counsel. Because Appellant did not establish fraud, the trial court's October 17, 2013 order and opinion properly rely on the coordinate jurisdiction rule to sustain Appellees' preliminary objections. It appears the Original Complaint and the Amended Complaint were essentially identical. Appellant was the sole plaintiff in each complaint and the complaints contained the same general allegations, attempting to assert a wrongful death claim, a survival action claim, and a NIED claim. The trial court properly relied on the coordinate jurisdiction rule to sustain the preliminary objections to the Amended Complaint.

Further, the court also found the Amended Complaint failed to state a claim. The trial court opined as follows:

> In the instant case, the Amended Complaint again purports to bring claims dealing with the medical care of [Decedent]. All claims for wrongful death and survival must be brought pursuant to the Pennsylvania Wrongful Death and Survival Act, 42 Pa.C.S.A. § 8301 *et seq* and the applicable rules of civil procedure. An action for Wrongful Death may be brought only by the personal representative of the decedent or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages. Pa.R.C.P. 220[2]. Once again, [Appellant] brings the action solely in his name alone. Neither the estate nor the executrix of the estate is a named party, and the Amended Complaint does not state "[Appellant's] right to bring the action, and names and last known residences of all persons entitled by law to recover

- 14 -

damages, their relationship to the decedent and that the action was brought on their behalf" as required by Pa.R.C.P. 2204. With regard to a survival action, unless a personal representative exists, a decedent's estate can not be party to a litigation. **Salvadia v. Ahsbrook**, 923 A.2d 436, 440 (Pa. Super. 2007). [Appellant] is not the executor or personal representative of the estate of [Decedent].

Trial Ct. Op. at 4.

Further, with respect to Appellant's NIED claim, the trial court found as follows:

To properly plead a claim of NIED, the plaintiff must both witness and recognize a discrete, identifiable traumatic instance of negligence to a close relative at the hands of a defendant. **Love v. Cramer**, 606 A.2d 1175, 1177 (Pa. Super. 1992). In the absence of such an event, no recovery is permitted. **Id.** Witnessing an injury that takes place over a period of time, rather than a discrete, identifiable instance, is not sufficient for a claim of NIED. **See Tackett v. Encke**, 509 A.2d 1310 (Pa. Super. 1986). A plaintiff must also allege physical harm to sustain an action for negligent infliction of emotional distress. **Love**, 606 A.2d at 1179. [Appellant] neither averred any discrete, identifiable traumatic incident that would give rise to a NIED claim nor alleged that he sustained any physical harm, so he cannot maintain a claim for NIED.

Trial Ct. Op. at 4-5.

Our review of the record confirms that Appellant did not have legal standing to bring a wrongful death action because he was not Decedent's estate's personal representative, and did not allege the required information to set forth a claim. **See Kiser v. Schulte**, 648 A.2d 1 (Pa. 1994); Pa.R.C.P. 2202(a), 2204. Additionally, Appellant did not have standing to pursue a survival action claim because he was not the estate's personal representative. **See Salvadia**, 923 A.2d 436. We also agree that Appellant

failed to allege the requisite facts to sustain a NIED claim. *See Love*, 606 A.2d 1175. Accordingly, the trial court did not err in sustaining Appellees' preliminary objections to Appellant's Amended Complaint. *See Bargo v. Kuhns*, 98 A.3d 686, 689 (Pa. Super. 2014) ("[p]reliminary objections in the nature of demurrers are proper when the law is clear that a plaintiff is not entitled to recovery based on the facts alleged in the complaint."); *see also* Pa.R.C.P. 1028(a)(4).

Last, Appellant claims the trial court abused its discretion in failing to rule on Appellant's March 14, 2013 motion to vacate.[7]  Appellant's Brief at 10.  In that motion, Appellant asked the court to mark the September 30, 2011 order sustaining Appellees' preliminary objections null and void, and requests that the case be removed to the United States District Court for the Middle District of Pennsylvania.  Appellant's Brief Exh. 3.  In support of his claim that the trial court abused its discretion in not ruling on the motion to vacate, Appellant alleges

> [t]he motion has been undisputed by the Appellees and contained all the details of their conspiracy and intentional violation of rights between the [j]udge and the Appellees [sic] lawyers and consequently [the trial court's] decision was based on a void or null order. . . . [The trial court] intentionally did not look or commented [sic] [Appellant's] motion to vacate violating [Appellant's] due process.

Appellant's Brief at 10.

---

[7] The motion to vacate is attached to Appellant's Brief at Exhibit 3.

Although our review of the docket indicates that this motion was outstanding at the conclusion of the case, we disagree with Appellant's unsupported claim that his due process rights were violated when the trial court did not rule on his motion to vacate.[8]  Moreover, because Appellees' preliminary objections were sustained and Appellant's complaint was properly dismissed, this motion is moot.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/2014

---

[8] Appellant did not support his claim with citation to relevant authority.  **See** Pa.R.A.P. 2119(a).